UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNOLDO AVITIA GAMBOA,

Petitioner

Case No. 2:25-cv-13781

Honorable Susan K. DeClercq

v.

ERIC RARDIN,

Respondent,
______________________________/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 (ECF No. 1) AND GRANTING PETITIONER LEAVE TO APPEAL *IN FORMA PAUPERIS***

Arnoldo Avitia Gamboa, ("Petitioner" or "Gamboa"), confined at the Federal Correctional Institution in Milan, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner challenges the Bureau of Prisons' (BOP) refusal to apply his earned time credits under the First Step Act (FSA) toward early release to pre-release custody. For the reasons stated below, the petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 will be denied without prejudice.

## I. Background

Arnoldo Avitia Gamboa is a federal prisoner serving an aggregated 346-month term of imprisonment arising from his convictions for illegal reentry after

deportation, in violation of 8 U.S.C. § 1326(a) & (b)(1), and conspiracy to distribute cocaine, in violation of 21 U.S.C. § 846. ECF No. 10 at PageID.46. His projected release date is January 21, 2032. *Id.*; ECF No. 1 at PageID.11.

Gamboa was first sentenced to 46 months' imprisonment in the Southern District of West Virginia for his illegal entry conviction. *United States v. Gamboa,* No. 2:07-cr-00136 (S.D.W. Va. Feb. 21, 2008). Gamboa was subsequently convicted by a jury on June 3, 2009, of one count of conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 841(a)(1) and one count of conspiracy to launder money in violation of 21 U.S.C. § 956(h). Gamboa was initially sentenced to life imprisonment based on having three prior drug convictions. *United States v. Gamboa*, No. 2:08-CR-00151-2, 2022 WL 275528, at *1 (S.D.W. Va. Jan. 28, 2022), *aff'd*, No. 22-6158, 2022 WL 1711655 (4th Cir. May 27, 2022). However, in 2021, the sentencing judge granted in part Gamboa's motion for compassionate release and reduced the sentence to twenty-five years in prison. *Id.*, at * 4-5. Gamboa initially did not receive any good time credits against his life sentence. However, after Gamboa's sentence in his drug case was reduced from a life sentence to twenty-five years, the BOP awarded him 1,556 days of earned and projected good time credits. Specifically, with regard to Gamboa's drug sentence, he was initially awarded 1,350 days credit. The 1,556 days credit that Gamboa ultimately received was calculated by aggregating Gamboa's 25-year and 46-month sentences to a single

term of 28 years and 10 months. *See Gamboa v. Rardin*, No. 2:25-CV-10331, 2026 WL 2274603, at *1 (E.D. Mich. Aug. 6, 2026).[1]

In his current habeas petition, Petitioner claims that the Bureau of Prisons is refusing to award him credits under the First Step Act because of a detainer that has been placed on him by the Immigration Customs and Enforcement. (ICE). Petitioner claims that the BOP's decision to deny him FSA credits on this basis is wrong because an ICE detainer no longer disqualifies a federal inmate from receiving FSA credits.

Respondent, through the United States Attorney's Office, filed a response to the petition. ECF No. 10. Respondent argues that the petition should be denied because: (1) Petitioner, by his own admission, failed to exhaust his administrative remedies, and (2) Petitioner is ineligible to receive FSA credits because of his conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) & (b)(1). *Id.*

## II. Discussion

Federal inmates are normally required to exhaust administrative remedies for their claims before filing a § 2241 habeas corpus petition. *Luedtke v. Berkebile*, 704

---

[1] Petitioner, in his prior habeas case, sought habeas relief on the ground that the BOP refused to award good-time credits on Petitioner's drug conviction. The Court denied the petition as moot because the BOP awarded Petitioner these good-time credits after his life sentence was reduced by the sentencing judge. *Gamboa v. Rardin*, No. 2:25-CV-10331, 2026 WL 2274603, at *2 (E.D. Mich. Aug. 6, 2026).

F.3d 465, 466 (6th Cir. 2013). The Sixth Circuit, however, indicated that "the habeas exhaustion requirement is not without exception," nor "statutorily required." *Fazzini v. Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 236, 235 (6th Cir. 2006). "If a petitioner has failed to exhaust his administrative remedies prior to filing a § 2241 petition, the District Court may in its discretion either 'excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court.'" *Ridley v. Smith*, 179 F. App'x 109, 111 (3d Cir. 2006) (quoting *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990), *abrogated in part on other grounds by Reno v. Koray*, 515 U.S. 50 (1995)). However, because this Court finds that Petitioner is not entitled to relief on his claim, this Court need not decide the exhaustion issue. *See Qaiyim v. Farley*, No. 1:11CV430, 2011 WL 3566852, at *3 (N.D. Ohio Aug. 15, 2011).

Eligible federal inmates, those whose convictions do not exclude them from receiving First Step Act benefits, may earn First Step Time Act Credits (FTCs). An eligible inmate can earn 10 FTCs "for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). An inmate can earn an additional 5 FTCs during those 30 days if (1) his or her recidivism-risk rating is minimum or low and (2) his or her risk of recidivism has not increased for two consecutive recidivism assessments by the BOP. 18 U.S.C. § 3632(d)(4)(A)(ii); *See also* 28 C.F.R. § 523.42(c)(2).

A maximum of 365 days of FTCs may be applied towards a prisoner's early transfer to supervised release, basically shortening their sentence by up to one year. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d). Eligible prisoners may have any remaining FTCs applied towards early transfer to prerelease custody, either in a residential reentry center or home confinement. 28 C.F.R. § 523.44(c).

This Court notes at the outset that inmates have no right under the federal constitution to earn or receive sentencing credits. *See Moore v. Hofbauer,* 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001) (citing *Hansard v. Barrett,* 980 F.2d 1059, 1062 (6th Cir. 1992)). Additionally, a federal prisoner does not have a constitutionally protected liberty interest in earning future sentence credits. *See Sotherland v. Myers*, 41 F. App'x 752, 753 (6th Cir. 2002).

"Courts that 'have considered the issue have routinely found that a federal inmate does not have a liberty interest in receiving credits under the First Step Act.'" *Fontanez v. Rardin*, No. 2:23-CV-12415, 2024 WL 1776338, at * 3 (E.D. Mich. Apr. 24, 2024) (*quoting Sedlacek v. Rardin*, No. 2:23-CV-11899, 2024 WL 965607, at * 2 (E.D. Mich. Mar. 5, 2024)); *See also Cheng v. United States*, 725 F. Supp. 3d 432, 440 (S.D.N.Y. 2024) (Taiwanese prisoner subject to removal under the immigration laws did not have a liberty interest in receiving FSA credits); *White v. Warden*, No. CV DKC-22-2371, 2023 WL 4867562, at * 10 (D. Md. July 31, 2023) (prisoner "did not have a liberty interest in the opportunity to earn" FSA time credits); *Fiorito v.*

*Fikes*, No. 22-CV-0749 (PJS/TNL), 2022 WL 16699472, at * 6 (D. Minn. Nov. 3, 2022) ("the loss of an opportunity to earn a reduction in sentence does not amount to infringement of a protected liberty interest"); *Gant v. King*, No. 23-CV-1766 (NEB/ECW), 2023 WL 6910771, at * 3 (D. Minn. Oct. 19, 2023) ("prisoners do not have a protected liberty interest in the application of FSA time credits"); *Mars v. Heisner*, No. CV-22-01933-PHX-SPL (JZB), 2023 WL 4977335, at * 7 (D. Ariz. June 26, 2023) (concluding that a prisoner does not "have a constitutional right to 'apply' his FSA [time credits] in a specific manner, such as demanding that he be granted prerelease custody or home confinement"), *report and recommendation adopted*, 2023 WL 4960411 (D. Ariz. Aug. 3, 2023); *Bloom v. Fed. Bureau of Prisons*, No. 19-21589 (KMW)(SAK), 2022 WL 341200, at *2 (D.N.J. Feb. 4, 2022) ("prisoners have no constitutionally protected liberty interest in an opportunity to earn additional good time or similar credits").

The BOP refused to grant FSA credits to Petitioner because of his 2008 conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a) & (b)(1). ECF No. 10-1, PageID. 53-54. 18 U.S.C. § 3632(d)(4)(D)(lix) indicates that a federal inmate like Petitioner, who is convicted for unauthorized or illegal reentry under 8 U.S.C. § 1326(a), is disqualified from receiving First Step Act credits if the alien "is described in" §§ 1326(b)(1) or (2). Petitioner is not entitled to habeas relief because his conviction for illegal reentry after deportation, in violation of 8 U.S.C.

§ 1326(a) & (b)(1), makes him ineligible to receive FSA credits. *See Portela-Gomez v. Emmerich,* No. 26-CV-739-WMC, 2026 WL 2583019, at *2 (W.D. Wis. Sept. 1, 2026)*; Cruz v. Rickard,* No. 9:23-CV-407, 2025 WL 2722424, at *3 (N.D.N.Y. July 29, 2025)*, report and recommendation adopted sub nom. Cruz v. Richard,* No. 9:23-CV-0407, 2025 WL 2719863 (N.D.N.Y. Sept. 24, 2025); *Bastien v. Jenkins*, No. 1:23-CV-4697, 2024 WL 5701069, at *2 (N.D. Ga. May 3, 2024), *report and recommendation adopted*, No. 1:23-CV-04697, 2024 WL 5700952 (N.D. Ga. May 22, 2024). Petitioner therefore is not entitled to habeas relief on his claim.

## III. Conclusion

Accordingly, the Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2241, ECF No. 1, is **DENIED WITH PREJUDICE.**

Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), Gamboa need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

The Court **GRANTS** Petitioner leave to appeal *in forma pauperis* because any appeal would be taken in good faith. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

**IT IS SO ORDERED.**

*/s/ Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: November 5, 2026